UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID O. BACA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CALIFORNIA HIGHWAY PATROL, SERGEANT GRIMES, SERGEANT TRUE, OFFICER B. RODGERS, OFFICER M. WILSON, OFFICER C. RANDALL, OFFICER B. JEFFERS, OFFICER B. PHILLIPS, and DOES 1-10,<br><br>　　　　Defendants. | Case No: C 13-02968 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Dkt. 21 |

Plaintiff David O. Baca brings the instant action against the State of California ("the State") and various California Highway Patrol ("CHP") officers alleging claims under 42 U.S.C. § 1983. The parties are presently before the Court on Defendants' Motion to Dismiss First Amended Complaint. Dkt. 21. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

　　A.   **FACTUAL SUMMARY**

The following facts are taken from the First Amended Complaint, which, for purposes of this motion, are accepted as true. On the night of June 15, 2011, Plaintiff was pulled over by CHP Officers B. Phillips and B. Jeffers, apparently for driving under the

influence.  First Am. Compl. ("FAC") ¶ 14, Dkt. 17.  After Plaintiff refused to take a breathalyzer test, Officer Phillips arrested and handcuffed Plaintiff and then transported him to the CHP Office on Telegraph Avenue, Oakland, California.  Id. ¶ 18.

At the CHP Office, Plaintiff was handcuffed to a railing and directed to submit a blood sample.  Id. ¶¶ 19, 22.  Plaintiff inquired whether there were less invasive options available, and offered to provide a urine sample instead.  Id.  A phlebotomist (to draw blood) was present and asked Plaintiff whether he was refusing to submit a blood sample.  Id. ¶ 20.  Plaintiff responded that he was not refusing to do so, but that he wanted a lawyer to be present.  Id.  Plaintiff was then surrounded by a "mob" of CHP officers, uncuffed from the railing and re-cuffed him with his hands behind his back.  Id. ¶ 23.  At that point, one of the officers slammed Plaintiff to the floor for no reason.  Id. ¶ 24.  Various unidentified officers subsequently beat Plaintiff on his back, leg, arms and head.  Id. ¶¶ 24-26.

One the officers used his bodyweight to press against Plaintiff's back with such force that he had difficulty breathing.  Id. ¶¶ 26-27.  While Plaintiff was on the floor and restrained, a phlebotomist drew two blood samples from Plaintiff's left arm.  Id. ¶ 29.  After the blood extraction, the officers continued to kick Plaintiff.  Id. ¶ 30.  One of the officers picked Plaintiff up by his cuffs and dragged him outside the building.  Id.  Plaintiff was then transported to the Alameda County Jail where he was shackled and placed in solitary confinement.  Id. ¶ 32.  Plaintiff was detained for four days without an arraignment, allegedly so that the evidence of his beating would be less noticeable.  Id. ¶ 36.

**B.     PROCEDURAL HISTORY**

On June 3, 2013, Plaintiff filed the instant action in state court against the California Department of Highway Patrol, the County of Alameda ("the County") and various other parties.  The County removed the action pursuant to 28 U.S.C. § 1441(b) on the grounds that Plaintiff's claim under 42 U.S.C. § 1983 is founded on federal law.

On July 25, 2013, Plaintiff filed a First Amended Complaint against:  the State; Department of the CHP; Sergeant Grimes; Sergeant True; Officer B. Rodgers; Officer M.

1 Wilson; Officer C. Randall; Officer Jeffers; and Officer Phillips.  The FAC alleges three
2 claims for relief under 42 U.S.C. § 1983.  Plaintiff's first claim alleges that the individual
3 defendants unlawfully searched his automobile in violation of his Fourth Amendment
4 rights.  The second claim alleges that the individual defendants used excessive force in
5 violation of the Fourth Amendment.  Plaintiff's third claim alleges that all Defendants
6 interfered with his exercise of civil rights in violation of the Bane Act, California Civil
7 Code § 52.1.
8       Defendants now move to dismiss Plaintiff's first claim as to all individual
9 defendants *other than Officer Jeffers* on the grounds that he allegedly is the only CHP
10 officer identified in the pleadings to have been involved in the search of Plaintiff's car.  In
11 addition, Plaintiff argues that Plaintiff's third claim is subject to dismissal based on his
12 failure to allege compliance with the California Tort Claims Act ("TCA").  The motion is
13 fully briefed and is ripe for adjudication.

14 **II.**     **LEGAL STANDARD**

15       "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
16 cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal
17 theory."  Somers v. Apple, Inc., -- F.3d --, 2013 WL 5712731, at *3 (9th Cir. Sept. 3,
18 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
19 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
20 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
21 In assessing the sufficiency of the pleadings, "courts must consider the complaint in its
22 entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)
23 motions to dismiss, in particular, documents incorporated into the complaint by reference,
24 and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues &
25 Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the
26 complaint as true and construe the pleadings in the light most favorable to the nonmoving
27 party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir.
28 2007).  Where a complaint or claim is dismissed, leave to amend generally is granted,

unless further amendment would be futile.  <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. <u>DISCUSSION</u>

### A. FIRST CLAIM FOR UNLAWFUL SEARCH

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See <u>Leer</u>, 844 F.2d at 633; <u>see, e.g.</u>, <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).  A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be alleged.  <u>Chuman v. Wright</u>, 76 F.3d 292, 294-95 (9th Cir. 1996).

Defendants contend that Plaintiff's first claim for unlawful search of his vehicle only alleges conduct by Officer Jeffers, and therefore, all other Defendants should be dismissed from said claim.  This contention has partial merit.  The FAC specifically alleges that Officers Jeffers *and* Phillips searched Plaintiff's automobile without probable cause; however, the pleadings are silent as to the remaining individual Defendants.  FAC ¶ 38.  Notably, Plaintiff acknowledges in his opposition that only Officer Jeffers and Phillips should be named as party-defendants in his first claim.  Accordingly, Defendants' motion to dismiss is GRANTED as to Sergeant Grimes, Sergeant True, Officer Rodgers, Officer Wilson and Officer Randall, all of whom are dismissed from Plaintiff's first claim for relief.  Defendants' motion to dismiss is DENIED as to Officer Phillips.

### B. THIRD CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

Plaintiff's third claim for relief alleges a violation of California Civil Code § 52.1, which provides a cause of action for an individual whose constitutional or statutory rights

have been interfered with or attempted to be interfered with through threats, intimidation, or coercion.  <u>Jones v. Kmart Corp.</u>, 17 Cal.4th 329, 338 (1998).  Defendants contend that Plaintiff may not proceed on such claim because he failed to exhaust his claim pursuant to the requirements of the California Tort Claims Act ("TCA").  <u>See</u> Cal. Gov't Code § 945.4; 950.2.  Plaintiff tacitly concedes his failure to comport with the TCA, and does not oppose the dismissal of his third claim insofar as it seeks damages.  Since Plaintiff now seeks only injunctive relief with respect to his third claim under the Bane Act, it no longer is a claim "for money or damages."  <u>See</u> <u>Loehr v. Ventura Cnty. Cmty. College Dist.</u>, 147 Cal.App.3d 1071, 1081 (1984).[1]  As such, Plaintiff's failure to comply with the Bane Act does not foreclose his third claim for relief, which now seeks injunctive relief only.  Thus, Defendants' motion to dismiss Plaintiff's third claim for relief is GRANTED with respect to Plaintiff's claim for damages and is DENIED with respect to his claim for injunctive relief.

## IV. <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss the FAC is GRANTED IN PART and DENIED IN PART.  All individual Defendants except for Officer Jeffers and Officer Phillips are dismissed as party-defendants from Plaintiff's first claim for relief.  Plaintiff's claim for damages in his third claim for relief is dismissed. This Order terminates Docket 21.

---

[1] Citing <u>Loehr</u>, Defendants contend where the primary purpose of a claim is pecuniary in nature, the claim remains subject to the TCA's claims filing requirements, even if framed as a cause of action for non-pecuniary relief.  Reply at 2, Dkt. 36.  <u>Loehr</u> is distinguishable.  In <u>Loehr</u> the plaintiff sought both damages and injunctive relief.  In this case, Plaintiff has abandoned his claim for damages, such that, unlike <u>Loehr</u>, the only relief now sought in this case is injunctive in nature.  Defendants also argue for the first time that Plaintiff has not alleged any facts to support a claim for injunctive relief based on a violation of the Bane Act.  Reply at 2-3.  "The district court need not consider arguments raised for the first time in a reply brief."  <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007).

IT IS SO ORDERED.

Dated: September 30, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge