UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID O. BACA,<br><br>   Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CALIFORNIA HIGHWAY PATROL, SERGEANT GRIMES, SERGEANT TRUE, OFFICER B. RODGERS, OFFICER M. WILSON, OFFICER C. RANDALL, OFFICER B. JEFFERS, OFFICER B. PHILLIPS, and DOES 1-10,<br><br>   Defendants. | Case No: C 13-02968 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

On October 13, 2015, the Court held a Case Management Conference for the purpose of rescheduling the trial date, which had been vacated due to Plaintiff's failure to comply with the Court's order to file a joint statement for the re-referral of the action for mediation. Dkt. 87, 89. At the Case Management Conference, Plaintiff's counsel informed the Court that he intended to file a motion to withdraw. As such, the Court declined to set a new trial date, but instead ordered counsel to file his motion to withdraw by no later than August 26, 2015. Dkt. 99, 100. On August 27, 2015, Plaintiff requested an enlargement of the filing deadline to September 4, 2015, which the Court granted. Dkt. 101, 102. To date, however, Plaintiff's counsel has not filed his motion to withdraw.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure or any order of the court. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (internal quotation marks omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation marks omitted).  Dismissal is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).[1]  Accordingly,

    IT IS HEREBY ORDERED THAT Plaintiff shall show cause why the instant action should not be dismissed under Rule 41(b) for failure to comply with a Court order.  By no later than the close of business on **September 16, 2015**, Plaintiff shall file a Certificate of Counsel that sets forth any basis for opposing dismissal under the factors set forth in Ferdik.  Defendants may file a response to the Certificate by no later than **September 21, 2015**.  THE FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION WITH PREJUDICE, WITHOUT FURTHER NOTICE.

    IT IS SO ORDERED.

Dated:  9-14-15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Plaintiff's history of non-compliance with the Court's Orders are summarized in prior orders of this Court.  Dkt. 87, 89, 92, 93.