UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID O. BACA,

        Plaintiff,

   v.

B. JEFFERS, et al.,

        Defendants.

Case No. 13-cv-02968-MEJ

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

## INTRODUCTION

This matter is before the Court on an Order to Show Cause ("OSC") Regarding Dismissal for Failure to Prosecute based on Plaintiff David O. Baca's ("Plaintiff") repeated failures to comply with the orders of this Court. Dkt. No. 151. Plaintiff has failed to respond to the OSC by the specified deadline and did not appear at the June 9, 2016 OSC hearing. Accordingly, for the reasons set forth below, the Court **DISMISSES** the instant action **WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

On June 3, 2013, Plaintiff, through counsel, filed the instant civil rights action under 42 U.S.C. § 1983 in Alameda County Superior Court against the California Department of Highway Patrol, the County of Alameda (the "County"), and various other parties. The County removed the action pursuant to 28 U.S.C. § 1441(b) on the grounds that Plaintiff's claim under § 1983 is founded on federal law. *See* Dkt. No. 1 (Notice of Removal).

Trial in this action originally was set to commence on October 20, 2014. Dkt. No. 43. Shortly before that date, Plaintiff filed a motion to continue the trial date. Dkt. No. 77. The Court granted Plaintiff's motion. Dkt. No. 80. On October 23, 2014, the Court held a Case Management

1   Conference and set March 30, 2015 as the new trial date.  Dkt. No. 84.  The Court also ordered the

2   parties to submit a joint statement regarding a potential re-referral for settlement by no later than

3   February 17, 2015.  *Id.*

4   On February 13, 2015, defense counsel emailed Plaintiff's counsel to remind him that their

5   joint statement was due shortly.  Dkt. No. 89.  Plaintiff's counsel did not respond, and as such, no

6   joint statement was filed.  *Id.*  As a result, on March 12, 2015, the Court vacated the trial date and

7   ordered the parties to submit their joint statement within seven days, i.e., by March 19, 2015.  Dkt.

8   No. 87.  Thereafter, defense counsel emailed Plaintiff's counsel, again reminding him that the

9   parties were to file a joint statement requesting or objecting to a referral for a further settlement

10  conference.  Dkt. No. 88 at 2 & Ex. B.  The email also requested that Plaintiff's counsel prepare a

11  first draft of the joint statement.  *Id.*  After Plaintiff's counsel failed to respond, Defendants

12  separately filed a timely statement on March 19, 2015.  *Id.*

13  On March 31, 2015, the Court issued the first OSC in this case, requiring Plaintiff to

14  demonstrate cause why the action should not be dismissed under Federal Rule Civil Procedure

15  41(b) for failure to comply with a Court order.  Dkt. No. 89.  Plaintiff's counsel timely filed a

16  response to the show cause order, claiming that his failure to comply was inadvertent.  Dkt. No.

17  91.  On April 15, 2015, the Court vacated the OSC and, pursuant to Plaintiff's request, referred the

18  matter to attorney-mediator Louis Leone for a mediation session.  Dkt. No. 92.  The Order stated,

19  in pertinent part: "Within one week of the date this order is filed, the parties shall schedule an

20  ENE/Mediation session with Mr. Leone.  Upon scheduling the session with Mr. Leone, the parties

21  shall forthwith jointly file a written notice indicating the agreed-upon date."  *Id.* at 2.

22  The Court did not receive any notice that the parties had scheduled the mediation.

23  However, the mediator notified the Court that Plaintiff failed to respond to his request for

24  available dates for mediation.  Dkt. No. 93 at 2.  Thus, on April 27, 2015, the Court issued an

25  Order stating that "Plaintiff shall forthwith notify the Mediator and Defendants whether he is able

26  to participate in a Mediation on May 21, May 26 or May 27, 2015. . . .  By no later than April 30,

27  2015, Plaintiff shall file with the Court a notice indicating the date that has been scheduled for the

28  Mediation."  *Id.*  Plaintiff did not file the notice, as ordered.  However, the mediator subsequently

filed a Certification of Mediation indicating that a mediation session was conducted on May 26, 2015. Dkt. No. 95.

On August 13, 2015, the Court held a further Case Management Conference for the purpose of rescheduling the trial date. At the conference, Plaintiff's counsel informed the Court that he intended to file a motion to withdraw. As such, the Court declined to set a new trial date, but instead ordered counsel to file his motion to withdraw by no later than August 26, 2015. Dkt. Nos. 99, 100. On August 27, 2015, after the filing deadline had passed, Plaintiff requested to enlarge the deadline to September 4, 2015. Dkt. No. 101. The Court granted Plaintiff's request. Dkt. No. 102. To date, however, Plaintiff's counsel has not filed his motion to withdraw.

On September 14, 2015, the Court issued a second OSC based on Plaintiff's repeated failures to comply with its orders. Dkt. No. 103. Plaintiff's written response to the OSC was due by the close of business on September 16, 2015, and the OSC warned that the failure to timely file such a response "WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION WITH PREJUDICE, WITHOUT FURTHER NOTICE." *Id.* at 2. After Plaintiff failed to respond to the OSC, the Court dismissed this case with prejudice. Dkt. No. 104. The Court subsequently vacated the dismissal order on September 18, 2015 and ordered the parties to appear for a telephonic case management conference on September 30, 2015. Dkt. No. 106.

After conducting the case management conference on September 30, the Court rescheduled the trial to commence on April 11, 2016 and ordered the parties to participate in a settlement conference with a magistrate judge. Dkt. No. 109. On March 24 and 28, 2016, the parties participated in settlement conferences with Magistrate Judge Laurel Beeler but were unable to settle. Accordingly, the Court vacated the trial date and scheduled a pretrial conference for April 13, 2016. Dkt. No. 139. At the pretrial conference, both parties consented to the jurisdiction of a magistrate judge and the matter was reassigned to the undersigned magistrate judge. Dkt. Nos. 142, 145.

On April 14, 2016, the Court scheduled a case management conference on May 5, 2016, to be attended by lead trial counsel, and ordered the parties to file a joint case management statement by April 28, 2016. Dkt. No. 143. On April 29, 2016, Defendants filed a Separate Case

Management Statement, indicating Plaintiff's counsel had not responded to meet and confer efforts. Dkt. No. 147. Neither Plaintiff nor Plaintiff's counsel appeared at the May 5, 2016 Case Management Conference, and Defendants' counsel indicated he had not been able to communicate with Plaintiff's counsel. Accordingly, on May 5, 2016, the Court issued a third OSC, requiring Plaintiff to show cause why sanctions should not be imposed for failure to comply with court orders. Dkt. No. 148. The Court ordered Plaintiff to file a responsive declaration by May 12, 2016 and scheduled a hearing on May 19, 2016. *Id.* At the same time, the Court ordered the parties to meet and confer and thereafter file a <u>joint</u> case management statement by May 12, 2016. *Id.* The Court directed Plaintiff's counsel to initiate the meet and confer by May 9, 2016, and directed Defendants to file a declaration if Plaintiff's counsel failed to initiate the meet and confer. *Id.* Plaintiff's counsel failed to initiate the meet and confer. *See* Dkt. No. 150 (Declaration from Rohit Kodical, Defendants' counsel). Further, Plaintiff failed to file a response to the third OSC and neither Plaintiff nor his counsel appeared at the May 19, 2016 show cause hearing.

On May 19, 2016, the Court issued a fourth OSC, once again ordering Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. Dkt. No. 151. The Court ordered Plaintiff to file a declaration by June 2, 2016 and scheduled a hearing on June 9, 2016. *Id.* The Court warned Plaintiff: "<u>Notice is hereby provided that failure to file a written response will be deemed an admission that Plaintiff does not intend to prosecute, and the case will be dismissed without prejudice . . . .</u>" *Id.* (emphasis in original). Plaintiff failed to file a responsive declaration and failed to appear at the June 9, 2016 OSC hearing.

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

4

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

The first two *Henderson* factors strongly support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket also weighs in favor of dismissal. Plaintiff delayed adjudication of the claims in this case such that the Court has now had to issue four OSCs regarding his failure to comply with Court orders and overall failure to prosecute. Dkt. Nos. 89, 103, 148, 151. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see Yourish*, 191 F.3d at 991. Here, Plaintiff has failed to respond to the Court's three most recent OSCs, offered no explanation for his failure to respond to multiple orders (including *all* orders filed since the

5

case was reassigned to the undersigned), failed to appear at the May 5, 2016 Case Management Conference and the two most recent OSC hearings, and has not requested an extension of time to respond. Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). The Court has already attempted less drastic sanctions without success, including four OSCs and giving Plaintiff an opportunity to explain his failure to prosecute. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, as Plaintiff failed to respond, another order requiring Plaintiff to respond is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the Court has repeatedly warned Plaintiff of the risk of dismissal. Despite Plaintiff's repeated, prior failures to comply with the Court's orders, the Court has declined to dismiss the action and instead warned Plaintiff of the potential consequences of such conduct, including the dismissal of this action. Thus, he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement." (internal quotations and citations omitted)).

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

**CONCLUSION**

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff has repeatedly failed to comply with Court orders and has not responded to the Court's three most recent OSCs. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. Accordingly, the Court hereby **DISMISSES** this case **WITH PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge