UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O. BACA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. JEFFERS, et al.,<br><br>    Defendants. | Case No. 13-cv-02968-MEJ<br><br>**ORDER RE: PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT**<br><br>Re: Dkt. No. 160 |

Pending before the Court is Plaintiff's Motion to Set Aside Judgment. *See* Mot., Dkt. No. 160. Defendants filed an Opposition (Dkt. No. 161); Plaintiff did not file a Reply (*see* Dkt.). The Court finds the matter suitable for disposition without oral argument and **VACATES** the November 30, 2017 hearing scheduled in the matter. Fed. R. Civ. P. 78(b); Civ. L. R. 7-1(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

The docket in this action shows Plaintiff's long history of failing to prosecute his case and to comply with the Court's orders. *See* First Order to Show Cause ("OSC"), Dkt. No. 89; Second OSC, Dkt. No. 103; Third OSC, Dkt. No. 148; Fourth OSC, Dkt. No. 151; *see also generally*, Opp'n at 2-3 (Factual and Procedural Background). On June 9, 2016, after Plaintiff failed to appear at the OSC hearing, the undersigned dismissed the case with prejudice for failure to prosecute. Minutes, Dkt. No. 155; Order Dismissing Case, Dkt. No. 153; Judgment, Dkt. No. 154.

Almost sixteen months after the Court entered judgment in this action against Plaintiff, Plaintiff filed a Notice of Motion and Motion to Set Aside the Judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Mot. Although the Notice of Motion and Motion references a Memorandum of Points and Authorities and the Declaration of Whitney Leigh, Plaintiff did not actually file those documents, nor serve them on Defendants. Plaintiff's failure to include Points

and Authorities in support of the Motion violates Civil Local Rules 7-2(b)(4) and 7-4(a). His failure to support any factual contentions made in support of the Motion (if he made any) with a declaration, would violate Local Rules 7-2(d) and 7-5. Despite being informed by Defendants of his failure to attach a Memorandum to his Motion (*see* Opp'n at 2), Plaintiff did not correct his error. Plaintiff's conduct wastes Defendants' time and resources by forcing them to guess the basis for Plaintiff's Motion. It is also unprofessional.

Rule 60 enumerates six grounds for obtaining relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Plaintiff does not identify the ground on which he moves for relief; he only states he requests relief "based on fault of counsel." Mot. at 1. He provides no explanation or support for the Motion. Because Plaintiff fails to show he is entitled to relief under Rule 60(b), Plaintiff's Motion is DENIED.

Plaintiff's Motion is DENIED on the additional ground it is untimely. Motions made under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). If Plaintiff seeks to obtain relief from judgment based on grounds (1), (2), or (3), the Motion was filed four months after then one-year deadlines for seeking relief. If Plaintiff seeks to obtain relief from judgment based on any other ground, Plaintiff fails to establish he made the Motion "within a reasonable time."

**IT IS SO ORDERED.**

Dated: October 24, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge